# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDON STAATS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   2:19-cv-2628 |
| v. | ) |
| | ) |
| **WILLIAMS & FUDGE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, BRANDON STAATS, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, WILLIAMS & FUDGE, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. BRANDON STAATS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hillsboro, County of Marion, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Colorado Christian University (hereinafter, "the Debt").

6. The Debt was for an education expense which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. WILLIAMS & FUDGE, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant's principal place of business is located in the State of south Carolina. Defendant is registered as a collection agency in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

14. On or about May 2, 2019, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. On or about, May 10, 2019 Plaintiff received the correspondence from Defendant, dated May 2, 2019.

16. The correspondence Defendant sent to Plaintiff, dated May 2, 2019, was Defendant's initial communication with Plaintiff relative to the Debt.

17. In the correspondence sent to Plaintiff by Defendant, dated May 2, 2019, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

18. Within thirty (30) days of the receipt of the May 2, 2019 letter, Plaintiff sent a written correspondence to Defendant. .

19. Plaintiff's written correspondence to Defendant, as delineated in the preceding paragraph, was sent to Defendant within thirty (30) days of Plaintiff having received Defendant's correspondence, dated May 2, 2019.

20. Defendant received Plaintiff's correspondence.

21. In the correspondence sent by Plaintiff to Defendant, Plaintiff stated that his correspondence was being sent in response to a letter received from Defendant.

22. In the correspondence sent by Plaintiff to Defendant, Plaintiff stated that the Debt was disputed.

23. In the correspondence sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

24. In the correspondence sent by Plaintiff to Defendant, Plaintiff listed his mailing address.

25. Plaintiff's mailing address, as listed in the correspondence sent by Plaintiff to Defendant, was in the County of Hillsboro, State of Kansas.

26. Prior to on or about August 6, 2019, Defendant had received a copy of Plaintiff's correspondence.

27. Prior to on or about August 6, 2019, Defendant was cognizant that Plaintiff disputed the Debt.

28. Prior to on or about August 6, 2019, Defendant was cognizant that Plaintiff had timely requested information from Defendant to validate the Debt.

29. At no time prior to on or about August 6, 2019, did Defendant provide Plaintiff with documentation to validate the Debt.

30. On or about August 6, 2019, Defendant attempted to collect the Debt from Plaintiff without first having provided Plaintiff with documentation to validate the Debt.

31. In its attempts to collect the debt allegedly owed by Plaintiff to Colorado Christian University, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was

      disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b);

    b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDON STAATS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **BRANDON STAATS**

                                 By:    s/ Mandy M. Shell
                                          Attorney for Plaintiff

Dated: October 14, 2019

Mandy M. Shell, KS Bar # 23410
1656 Washington St., Ste. 120
Kansas City, Missouri 64108
**Telephone:** (913) 879-1001
**Facsimile:** (888) 418-1277
**E-Mail:** mshell@smithmarco.com